## Martínez como Cesionario de Sanjurjo *v.* García.

### Apelación procedente de la Corte de Distrito de Mayagüez.

#### No. 743.—Resuelto en enero 16, 1912.

Apelación—Designación de Errores.—La parte apelante, de acuerdo con los artículos 42 y 43 del reglamento de este tribunal, debe al alegar la infracción de una ley por el tribunal inferior, especificar taxativamente los errores cometidos por el tribunal inferior.

Sentencia—Opinión del Juez Sentenciador — Tiempo para Emitirla.—De acuerdo con el artículo 227 del Código de Enjuiciamiento Civil, según ha sido modificado por la ley aprobada en marzo 9 de 1911, el juez está obligado a redactar y archivar una relación breve del caso exponiendo los hechos según éstos resulten ante él, y dando las razones en que funde su decisión, pero tal precepto no exige que la relación u opinión se haga previa, simultánea o posteriormente a la sentencia, y por tanto, no queda ésta viciada de nulidad por el hecho de haberse redactado y archivado la opinión con posterioridad al pronunciamiento de aquélla.

Obligaciones—Carencia de Pruebas—Incumbencia de la Prueba.—A la parte que exige el cumplimiento de una obligación, incumbe probar su existencia con arreglo al artículo 1182 del Código Civil y 108 de la Ley de Evidencia, y habiendo carencia de prueba, es aplicable el axioma jurídico "*Actore non probante reus est absolvendus.*"

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Pascasio Fajardo.*

Abogado del apelado: *Sr. José de Diego.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia que dictó la Corte de Distrito de Mayagüez en 17 de abril del año 1911, declarando sin lugar la demanda de Isidro F. Sanjurjo, de quien actualmente es cesionario Rogelio Martínez Castro, contra Dolores García Sanjurjo, en cobro de dos mil dollars, con intereses legales desde la fecha de su presentación a dicha corte.

En esa demanda alega la parte demandante que Isidro F. Sanjurjo había prestado a Dolores García Sanjurjo la suma de dos mil dollars en distintas partidas, que la segunda se

obligó a pagar al primero cuando se la exigiera, sin que el demandado haya verificado el pago, no obstante habérsele reclamado. La parte demandada, al contestar la demanda, negó los hechos en que se funda; y celebrado el juicio en el día señalado, recayó sentencia en los términos que se dejan expresados con imposición de costas al demandante.

Alega la parte apelante como fundamentos del recurso:

1°. Que la sentencia dictada es nula, por no atemperarse a lo que dispone la ley para enmendar los artículos 92, 123, 227 y 299 del Código de Enjuiciamiento Civil, aprobada en 9 de marzo de 1911.

2°. Que la corte inferior, al apreciar las pruebas en conjunto, lo hizo con manifiesto error, sin tener en cuenta los preceptos de la vigente Ley de Evidencia.

No se especifican los errores cometidos por la corte inferior con infracción de las dos leyes que se suponen infringidas, según debió hacer la parte apelante en cumplimiento de las reglas 42 y 43 del Reglamento de este tribunal; y como la vista del recurso tuvo lugar sin la comparecencia de los abogados de una y otra parte, tampoco oralmente se han puntualizado esos errores.

Parece que la nulidad pretendida de la sentencia se basa en el hecho de haber sido emitida la opinión del juez inferior con posterioridad al fallo, pues así se afirma en el alegato de la parte apelante, y también aparece demostrado en el récord; pero tal hecho no vicia de nulidad la sentencia pronunciada, puesto que ésta decide los derechos de las partes.

Ciertamente que el artículo 227 del Código de Enjuiciamiento Civil, según ha quedado modificado por la ley aprobada en 9 de marzo de 1911, preceptúa que en el juicio definitivo de cualquier caso ante una corte de distrito, el juez de la misma hará y archivará una relación breve del caso, exponiendo los hechos, según éstos resulten ante él, y dando las razones en que funde su decisión. Tal precepto no exige que la relación se haga previa, simultánea o posteriormente a la sentencia. Consta del récord que dicha relación fué hecha en la

forma prevenida por la ley, y ésta, por tanto, tuvo debido cumplimiento.

Por más que la parte apelante ni siquiera ha tratado de demostrar, como era su deber hacerlo, que la corte inferior haya cometido manifiesto error en la apreciación de las pruebas practicadas en el juicio, las hemos examinado detenidamente, y lejos de encontrar el error alegado, llegamos a la conclusión de que falta prueba de la existencia de la obligación cuyo cumplimiento se exige, y esa prueba incumbía a la parte demandante con arreglo al artículo 1182 del Código Civil y 108 de la Ley de Evidencia.

Ante la carencia de prueba, impónese la aplicación del axioma jurídico: "*Actore non probante reus èst absolvendus.*"

Por las razones expuestas, procede la confirmación de la sentencia apelada, y en ese sentido debe resolverse el recurso.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.