Villar & Co., Inc., demandante-apelante-apelada, *v.* Carlos Conde Casariego, demandado-apelado-apelante.

No. 3901.—*Resuelto en reconsideración:* Abril 18, 1928.

*J. Texidor* y *R. Cuevas Zequeira,* abogados del demandante; *F. Soto Gras,* abogado del demandado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En este caso la Corte de Distrito de San Juan, después de considerar toda la prueba, resolvió que Carlos Conde Casariego tenía derecho a recibir la suma de $17,500 por haber sido despedido de su empleo. Este Tribunal confirmó esa conclusión (37 D.P.R. 706), y ahora se solicita la reconsideración por dos fundamentos.

■ El primero de ellos es que en Puerto-Rico un empleado que es destituido sólo tiene derecho a ser indemnizado por daños y perjuicios, de acuerdo con varias disposiciones de ley. Ya se funde la acción en quebrantamiento de contrato o en un acto torticero, el demandante tiene derecho a que se le indemnice por los daños sufridos. El montante de la indemnización en caso de que se destituya a un empleado, consiste *prima facie* en las ganancias que tal empleado hubiese podido recibir. En nuestra opinión principal discutimos esta cuestión, citando autoridades de ésta y otras cortes.

■ ■ El otro fundamento de la reconsideración es que los autos demuestran que en el trámite de repreguntas Conde admitió que él era agente de otra compañía, si, no de varias.

La cuestión que ahora se levanta no fué presentada en absoluto a la consideración de la corte inferior. Nunca se intentó probar que Villar & Co. tenían derecho por vía de rebaja a los sueldos o ganancias obtenidos por Conde con posterioridad a la fecha de su destitución. Los hechos traídos a la luz durante la repregunta fueron casuales; y no se fundaban en ninguna teoría de rebaja o mitigación de los daños. El único propósito y la sola teoría de Villar & Co. durante el juicio fueron demostrar que Conde no tenía derecho a indemnización alguna; que Villar & Co. tuvieron suficientes motivos para despedirlo de su empleo. El caso fué juzgado cuidadosamente, y Villar & Co. fundaron toda esta parte de su caso en las numerosas faltas supuestas cometidas por Conde, las que, según ellos, justificaban su

destitución. Esta controversia y la teoría de la corte sentenciadora serían suficiente motivo para no alterar la conclusión a que llegó la corte de distrito, aun si se admitiese que cuando un empleado confiesa haber ocupado otros cargos, el peso de la prueba recae sobre él para demostrar que percibía un sueldo inferior al que hubiese recibido en caso de que su suerte fuese distinta.

En lo que se refiere al traslado de un caso a este tribunal, hay razones adicionales por las cuales Villar & Co. no tiene derecho a que se varíe nuestra sentencia confirmatoria. El señalamiento de errores, cuidadosamente examinado, deja de demostrar que se llamara la atención de esta corte hacia el extremo de que ahora se queja la demandante. Es cierto que durante la vista Villar & Co. obtuvieron, mediante el voto dividido del tribunal, permiso para discutir en un nuevo alegato la cuestión de daños y perjuicios. El nuevo alegato fué radicado, pero contenía solamente una alusión sumaria sobre la cuestión de mitigación de daños y perjuicios que ahora se levanta claramente por primera vez. Por sus propios términos, el alegato radicado no sugería una rebaja, ni tampoco se ofreció radicar un nuevo señalamiento de error o enmendar el que ya se había hecho.

La regla general en una corte de apelación es negarse a tomar en consideración errores que no han sido señalados. *Martínez* v. *García*, 18 D.P.R. 2; 3 C. J. 1329 *et seq.;* 3 C. J. 1347 *et seq.;* 3 C. J. 1412. Nuestras reglas expresan este principio en la siguiente forma:

"42. Dentro de diez días después de haberse presentado a este Tribunal la copia de los autos, el Letrado defensor del recurrente, presentará al Tribunal un alegato por duplicado, impreso o escrito en maquinilla, que contendrá una relación fiel y concisa de la causa tal como conste en los autos; así como una exposición de los errores en que funda su recurso, y además de esto, cumplirá con la Ley de Enjuiciamiento actualmente en vigor.

"43. Esa exposición indicará separadamente cada error que se alegue haberse cometido por el tribunal inferior; y, al resolver el

caso, esta Corte podrá dejar de tomar en consideración aquellos errores que no se hayan señalado, a no ser que sean fundamentales.''

Aun si el error que ahora se alega pudiera considerarse como fundamental, o aun si se hubiese insistido debidamente en él en la corte inferior, es claro que una moción de reconsideración es algo demasiado tardío para levantar una cuestión de esta naturaleza. El apelado se presentó a la corte acompañado de su letrado, listo para enfrentarse con todas las cuestiones que fuesen debidamente levantadas. Las partes tuvieron una vista ante esta corte. *Interest reipublicae ut finish sit litium.*

También debe tenerse en mente a este tribunal. El número de litigios que nos abruma es enorme. Nuestra práctica ha sido celebrar la vista de los casos prontamente, después de haber sido radicados en esta corte y tan pronto como están listos para ser resueltos. Las decisiones impresas demuestran el gran número de casos resueltos cada año. No obstante, la práctica de celebrar las vistas de los casos prontamente ha tenido por resultado la aglomeración de un número de casos sin resolver. Con el fin de establecer un precedente hemos dedicado un tiempo considerable a la resolución de esta moción, consumiendo así un tiempo que más propiamente corresponde a la consideración de los casos de otros litigantes.

Sin embargo, no hallamos que el error sea fundamental, según se usa esa frase. Para que el error sea fundamental en este caso, debería aparecer claramente de los autos que Conde tenía derecho a recibir menos de lo que la corte le concedió. Al decir esto, no queremos excluir la idea de que hubiera una posibilidad, o aun una probabilidad, de que él pudiese haber obtenido menos; pero para que el error sea fundamental, los autos deben revelar, en nuestro criterio, que Conde en realidad no tenía derecho a recibir la cantidad que la corte le concedió. No hubo prueba tendente a demos-

trar que él recibiera utilidad alguna de su nueva representación y de los autos se desprende que aún existe la probabilidad de que, con conocimiento de Villar & Co., Conde dedicaba parte de su tiempo a la nueva representación, y de que tal vez percibía algún provecho de ella. Además, Conde no era un empleado corriente. El vendió su negocio inducido, en parte, por la oferta de Villar & Co. de emplearlo durante cinco años. Ese empleo durante cinco años formaba parte de la causa (*consideration*) de la venta de sus agencias. El tal vez pudo demostrar que si no se hubiese empleado con Villar & Co. sus ganancias durante todo el tiempo hubiesen sido mayores, y que la venta y el contrato de arrendamiento de servicios lo demoraron en establecer su negocio. En realidad, en su alegato complementario Villar & Co. también trataron de demostrar en términos generales que ellos habían beneficiado a Conde despidiéndolo de su empleo y permitiéndole que obtuviera otras agencias. No damos gran peso a ninguna de estas cuestiones especulativas, pero las exponemos para demostrar que no hallamos ningún error fundamental.

Dadas estas circunstancias, no nos es posible decir que se cometió un error fundamental, *y debe declararse sin lugar la moción de reconsideración.*